J-A04009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LARISA BURLACU | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIE INSURANCE | : | No. 504 MDA 2024 |

Appeal from the Order Entered March 5, 2024
In the Court of Common Pleas of Berks County Civil Division at No(s):
19-0481

BEFORE:  LAZARUS, P.J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: JUNE 3, 2025**

Larisa Burlacu appeals from the order, entered in the Court of Common Pleas of Berks County, granting Erie Insurance's (Erie) preliminary objections and dismissing Appellant Larisa Burlacu's complaint.  After careful review, we affirm.

On January 17, 2015, Burlacu was a passenger in a vehicle driven by Maria Burkett.  At the time, Burlacu was a minor who was living with her parents and her adult brother, Daniel.  Burkett lost control of the vehicle and struck a tree, causing Burlacu to sustain numerous injuries, some of which were permanent and required continuous medical treatment.  The financial expenses and losses Burlacu incurred from the accident allegedly exceeded the amounts recoverable under the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. §§ 1701-1799.7.

Burlacu's parents had a motor vehicle insurance policy through State Farm Insurance (State Farm). Daniel had a policy ("the Policy") through Erie for a van that he used in connection with his company, A to Z Renovations, LLC. Burlacu sought first-party and underinsurance motorist (UIM) coverage through both policies.

Burlacu sued Burkett and State Farm, which also insured Burkett. State Farm sought to resolve the liability and UIM claims through mediation, in which Erie was invited to participate. Erie ultimately did not participate in the mediation, arguing that the UIM benefits under the Policy did not cover Burlacu. Burlacu and State Farm resolved the liability and UIM claims for $80,000.00. On January 16, 2019, Burlacu initiated the instant lawsuit against Erie through writ of summons. On February 5, 2021, the trial court issued a termination notice. On February 12, 2021, Burlacu filed a statement of intent to proceed. On January 17, 2023, the court issued another termination notice, and Burlacu filed another statement of intent to proceed on February 1, 2023. On January 11, 2024, Erie filed a praecipe for rule to file complaint.

On January 31, 2024, Burlacu filed a complaint for breach of contract and to compel arbitration. Burlacu claimed that the Policy's first-party benefits endorsement and uninsured/underinsured motorist coverage endorsement included language that covered relatives of the insured under the Policy. Specifically, the "Persons We Protect" section of the first-party benefits endorsement states "[t]he term 'anyone we protect' means . . . (1) you; (2)

a relative[.]" Erie Insurance Policy First-Party Benefits Endorsement, at 1. Additionally, the Policy's uninsured/underinsured motorist coverage endorsement states that it also protects "any relative, if you are an individual." Erie Insurance Policy Uninsured/Underinsured Motorists Coverage Endorsement, at 2. Burlacu claimed the Policy provided $100,000.00 in UIM coverage and that she, as Daniel's sister, was covered by the Policy.

On February 7, 2024, Erie filed preliminary objections, in the form of a demurrer, arguing the Policy was issued to A to Z Renovations, LLC, not Daniel. Erie claimed that "You" and "Named Insured," as used in the Policy, means "the Subscriber named in Item 1[] on the Declarations[.]" Erie's Preliminary Objections, 2/7/24, at 2; Erie Insurance Policy Change Endorsement, at 2. Additionally, Erie noted that "'Relative' means a resident of 'your' household who is: a person related to 'you' by blood, marriage[,] or adoption." *Id.* at 3. Under Item 1 of the Policy, the "named insured" was A to Z Renovations, LLC, not Daniel. *See* New Declarations, at 1. Erie argued that Burlacu was not a relative of A to Z Renovations, LLC, and, thus, not covered under the Policy. *See* Erie's Preliminary Objections, 2/7/24, at 3.

The trial court heard argument on Erie's preliminary objections on March 5, 2024. Following argument, the court sustained Erie's objections and dismissed Burlacu's complaint. Burlacu filed a timely notice of appeal on April 2, 2024. Burlacu and the trial court have complied with Pa.R.A.P. 1925.

Burlacu raises the following issues for our review:

1. Where an automobile insurance policy is issued with first[-]party benefits to a sole proprietorship owned by [the relative with whom the claimant resides], and provides [UIM] coverage for the person signing the policy and their resident relatives, did the [c]ourt err in finding that Erie could deny coverage because benefits would only be available to the corporation?

2. Does an interpretation of the Erie Policy[—]that the provision allowing a relative to be a covered individual is inapplicable if the named insured is a company, even where there is a special definition that if the person signing is an individual[,] their resident relatives are covered[—]act as an invalidation or waiver of the [UIM] coverage that was sold and paid for by the resident owner of the company and signer of the policy?

3. Is a restrictive definition of "insured" to mean only the company that is the named insured, [which] conflicts with the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.[A.] [§] 1702, and denies benefits which could only accrue to a person, not a corporation, an erroneous construction of a contract that specifically provides for resident relative coverage?

Appellant's Brief, at 2-3.

At the outset, we note that the issues Burlacu raises in her brief are not the same as the issues she raises in her Rule 1925(b) statement.[1] In her Rule 1925(b) statement, Burlacu raised the following issues:

1. As no testimony, affidavits, or other evidentiary material was presented, did the [c]ourt below fulfill its obligation to view all well[-]plead facts in a light most favorable to the non-moving

---

[1] We also note that Burlacu's brief is not compliant with our rules of appellate procedure. Burlacu raises three distinct issues on appeal, but the brief is not separated into as many sections as there are issues. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Failure to comply with Rule 2119(a) can result in waiver. *See Kelly v. Carman Corp.*, 229 A.3d 634, 656 (Pa. Super. 2020).

party, drawing all reasonable inferences and conclusions to be drawn in favor of the non-moving party, especially in a case where the plain wording of the insurance policy, without assuming more, gives rise to a presumption of coverage?

2. Did the court apply the law regarding underinsured coverage and duties of an insurer to putative insureds, or did the [c]ourt base its opinion on assumptions such as a belief in a layperson knowing what underinsured motorist coverage is, and that special meanings rather than the plain English of the contract would apply to phrases like "Others we protect [. . .] any relative if you are a person"?

3. Did the [c]ourt err in granting the preliminary objections without allowing discovery but instead relying on assumptions and [factual] predicates where the essential facts were not in evidence?

Appellant's Rule 1925(b) Statement, 4/26/24, at 2-3.

Because Burlacu's appellate brief includes arguments that concern the trial court's interpretation of the Policy and the effect of that interpretation on the UIM coverage, but her Rule 1925(b) statement raises completely different arguments, we conclude that Burlacu has waived her issues on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/03/2025